UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FILED
JAMES J. WALDRON, CLERK
JUL 27 2009
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

In Re:

**PELICAN POOL & SKI CENTER, INC.,**

Debtor.

Case No.:   05-22983 (DHS)

Judge:   Donald H. Steckroth, U.S.B.J.

## ORDER

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

July 27, 2009

/s/ Donald H. Steckroth
USBJ

**Page 2**
Debtor:         Pelican Pool & Ski Center, Inc.
Case No.:       05-22983 (DHS)
Caption of Order: **Order**

This matter having been opened to the Court upon motion for summary judgment filed by counsel for Route 18 Shopping Center Associates (hereinafter "Landlord") against Donald Biase as Chapter 7 Trustee for Pelican Pool & Ski Center, Inc. (hereinafter "Trustee" and "Pelican" respectively), seeking: (i) a determination that, effective June 1, 1998, Pelican's *pro rata* share for cost area maintenance charges (hereinafter "CAM") should be calculated at 25.5842%; (ii) an order directing the Trustee to pay the Landlord its outstanding rent, additional rent, and use and occupancy charges incurred after August 22, 2006; and (iii) an order allowing the outstanding Chapter 11 administrative claim of the Landlord, and the Trustee having filed a cross-motion for summary judgment seeking: (i) a determination that the lease agreement at issue states unambiguously that Pelican's *pro rata* share for CAM charges was 16.237%; (ii) an order denying in part the Landlord's motion for rent, additional rent, and use and occupancy charges incurred after August 22, 2006; and (iii) an order denying the Landlord's claim for Chapter 11 administrative expenses; and the Court having reviewed the pleadings and opposition to the motions filed in this matter and having heard the arguments of counsel, and for the reasons set forth in the Court's Opinion of July 27, 2009, and for good cause shown, it is

ORDERED that: (i) Pelican's *pro rata* share of CAM charges under the Modified Lease is to be calculated at 25.5842%; (ii) the shelving remaining on the premises following the effective date of rejection is a fixture belonging to the Landlord; (iii) the Landlord shall be paid rent, RET, and CAM charges calculated at 25.5842% as part of its Chapter 7 administrative expenses; (iv) the Landlord shall be paid interest on its post-petition, pre-rejection lease obligations pursuant to

**Page 3**
Debtor:         Pelican Pool & Ski Center, Inc.
Case No.:       05-22983 (DHS)
Caption of Order: **Order**

Section 365(d)(3); (v) the Landlord shall not be entitled to interest accruing post-rejection on its unpaid lease obligations; (vi) the Landlord shall be entitled to an allowance of its Chapter 11 administrative expenses in full under Section 503(b) but payment is not to be made until and unless all payments entitled to priority under Section 503(b) have been paid; (vii) the Landlord is entitled to post-petition, pre-rejection attorney's fees pursuant to Section 365(d)(3) as a matter of law, pending the court's determination of the reasonableness of such fees, with a certification of such fees to be submitted within twenty (20) days; and (viii) the balance of both motions for summary judgment is hereby denied.